IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN SATRAN,

                Plaintiff,

v.                                  OPINION & ORDER

LVNV FUNDING, LLC, and                17-cv-896-jdp
MESSERLI & KRAMER, PA,

                Defendants.

---

This case arises out of a debt-collection action that defendant Messerli & Kramer, PA, filed on behalf of its client, defendant LVNV Funding, LLC, against plaintiff John Satran. *See LVNV Funding, LLC v. Satran*, No. 2017-SC-5749 (Dane Cty. Cir. Ct. filed Sept. 11, 2017). In his complaint in this court, Satran contends that defendants violated a provision of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e, and a provision of the Wisconsin Consumer Act (WCA), Wis. Stat. § 427.104, because defendants failed to give Satran notice of his right to cure default before filing suit against him and falsely represented that an attorney was meaningfully involved in the debt collection process. Dkt. 1. Defendants have moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim. Dkt. 11 and Dkt. 16. The court will deny defendants' motions.

ALLEGATIONS OF FACT

The court draws the following facts from Satran's complaint, Dkt. 1, and documents referred to in it, and accepts them as true for the purposes of deciding defendants' motion. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

On September 11, 2017, Satran was served with a summons and small claims complaint notifying him that he was being sued by "LVNV Funding LLC as successor in interest to Credit One Bank, N.A., c/o Messerli & Kramer PA" for $603.95 in credit card debt. Dkt. 14-1, at 1. Satran had never received notice that he was in default on any account, that he had the right to cure default, or that any debt he owed had been assigned to LVNV.

The small claims complaint was signed by Jillian Walker, a Messerli attorney representing LVNV. From 2007 to 2017, Walker was listed as attorney of record in 10,162 cases in five Wisconsin counties. She also practices in Minnesota.

On November 27, 2017, Satran filed this lawsuit against LVNV and Messerli asserting three causes of action. First, he claims that defendants violated § 1692e of the FDCPA by falsely representing that LVNV had the right to file suit against him, when in fact, LVNV did not have the right to file suit because it had not given him notice of his right to cure default, as required by section 425.104 of the WCA. Second, he claims that defendants violated section 427.104(1)(j) of the WCA by filing suit against him without first giving him notice of his right to cure default. Third, he claims that defendants violated § 1692e of the FDCPA by falsely representing "that an attorney was meaningfully involved in the debt collection process when . . . . [i]n fact, there was no meaningful attorney involvement." Dkt. 1, ¶ 38. He alleges that these three statutory violations caused him "emotional distress at being sued on a debt he did not believe could be the subject of a lawsuit at that time, and without notice that any such suit might be forthcoming." *Id.* ¶ 41. More specifically, he suffered "anxiety over the lawsuit, worries about whether he could find and afford a lawyer," and "difficulty concentrating." *Id.*

ANALYSIS

Defendants move to dismiss Satran's complaint for lack of subject-matter jurisdiction and failure to state a claim. On all aspects of defendants' motion, the court accepts Satran's well-pleaded factual allegations as true and draws all reasonable inference from those facts in his favor. *Lee*, 330 F.3d at 459, 468. When deciding the jurisdictional issue of standing, the court may consider supporting evidence adduced by the parties. *Id.* at 468. When it comes to the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the court does not consider supporting evidence. *Id.* at 459.

**A. Standing**

Defendants first contend that Satran lacks standing to assert his claims.[1] As the plaintiff, Satran "bears the burden of establishing" the three elements of Article III standing: injury in fact, causation, and redressability. *Lee*, 330 F.3d at 468. At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Defendants challenge all three elements, arguing that Satran has not alleged an injury related to the alleged misrepresentations that form the basis of his claims. They imply that Satran's "garden variety emotional distress" was caused by a "properly filed" lawsuit, not by the alleged misrepresentations or lack of a notice of right to cure default. Dkt. 13, at 5, 7

---

[1] Messerli's motion, joined by LVNV, initially challenged Satran's standing as to only the "meaningful involvement claims." Dkt. 13, at 3. But in its reply brief, Messerli contends that "Satran lacks standing on the notice of right to cure issue." Dkt. 23, at 4. Defendants arguably waived their right to bring this argument, but because federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), the court will address Satran's standing to assert each of his claims.

(quoting *Cheslek v. Asset Acceptance Capital Corp.*, No. 16-cv-1183, 2017 U.S. Dist. LEXIS 217500, at *9 (W.D. Mich. Dec. 22, 2017)). *Cheslek* applied the Sixth Circuit's standing requirements for FDCPA claims, which are not controlling here. The Seventh Circuit has explained that "'the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact,' such as where the statutory violation creates 'risk of real harm.'" *Evans v. Portfolio Recovery Assocs., LLC*, Nos. 17-1773, 17-1860, 17-1866, 17-2622, 17-2756, & 18-1374, 2018 WL 2035315, at *3 (7th Cir. May 2, 2018) (quoting *Spokeo*, 136 S. Ct. at 1549).

Here, Satran alleges that he was actually harmed by defendants' alleged statutory violations. Drawing all reasonable inferences from the factual allegations in his favor, Messerli filed a lawsuit on LVNV's behalf without first giving him notice of his right to cure default as required by the WCA, and Messerli wouldn't have made that mistake if an attorney had actually reviewed LVNV's claim before filing a complaint. The improper filing of the complaint caused Satran emotional distress, which can be redressed by monetary damages. So Satran's allegations are sufficient to confer standing.

Satran shies away from this theory in his brief, arguing that "[w]hether or not the lack of involvement created a material error is irrelevant to the disposition on a motion to dismiss." Dkt. 19, at 5. Satran's theory—that statutory violations of the FDCPA alone are sufficient to confer standing—is a stretch, and here, the factual allegations don't require the court to consider it. Satran alleges an actual injury caused by procedural violations of the FDCPA and WCA, so he has standing to assert his claims.

## B. Failure to state a claim

Second, defendants contend that Satran fails to state a claim on each of his three causes of action.[2] When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the question is "simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 1. The FDCPA's application to state-court pleadings

Defendants contend that § 1692e of the FDCPA doesn't regulate the content of state-court pleadings, so Satran's claims under the FDCPA must be dismissed. But just two years ago, the Seventh Circuit held that § 1692e applies to state court complaints and other legal pleadings. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 810–11 (7th Cir. 2016). So the court will not dismiss Satran's FDCPA claims just because they are predicated on communications in state-court pleadings.

### 2. The WCA's notice-of-right-to-cure-default requirement

Defendants contend that Satran's first two claims, which are both predicated on defendants' alleged failure to notify Satran of his right to cure default, must be dismissed because (1) the WCA's notice-of-right-to-cure-default requirement doesn't create a private right of action; (2) even if the requirement does create a private right of action, defendants weren't required to provide notice to Satran; and (3) even if defendants were required to provide notice, they *did* provide notice. Each contention fails.

---

[2] The parties dispute whether Satran states a fourth claim for "lack of notice of assignment" under section 422.409(1) of the WCA. *See* Dkt. 13, at 24 and Dkt. 19, at 31. Satran's complaint clearly lays out three causes of action. *See* Dkt. 1. "Lack of notice of assignment" is not among them, so the court will not address it further.

At issue is section 425.105 of the WCA. Subsection (1) provides that a merchant may "commence" an action only after giving the customer notice of the right to cure default "if the customer has the right to cure under this section." Subsection (3) explains when customers have the right to cure:

> A right to cure shall not exist if the following occurred twice during the preceding 12 months:
>
> (a) The customer was in default on the same transaction or open-end credit plan;
>
> (b) The creditor gave the customer notice of the right to cure such previous default . . . ; and
>
> (c) The customer cured the previous default.

"[D]efault on the entire obligation," such as default on the final payment of a mortgage, does not trigger the right to cure. *Rosendale State Bank v. Schultz*, 123 Wis. 2d 195, 198, 365 N.W.2d 911 (Ct. App. 1985). But default on a credit card account, which is akin to an "open-end credit plan," does trigger the right to cure, even if the creditor chooses to close the account and write off the debt. *Johnson v. LVNV Funding*, No. 13-cv-1191, 2016 WL 676401, at *5 (E.D. Wis. Feb. 18, 2016).

Beginning with defendants' second and third contentions, Satran alleges that he never received notice of the right to cure default on his credit card account, so under section 425.104(3), Satran had the right to cure default, and under section 425.104(1), defendants could not file suit against Satran until they gave him notice of that right. Defendants adduce evidence that they argues shows that Satran received notice of his right to cure default. But as explained above, the court does not consider outside evidence when evaluating a motion to dismiss for failure to state a claim. All that matters is whether Satran's factual allegations state

a claim for relief. So the court will not consider the evidence adduced by defendants, and defendants' second and third contentions fail.

That leaves defendants' first contention, that the WCA's notice-of-right-to-cure-default requirement doesn't create a private right of action. The parties focus on whether section 425.105 creates a separate cause of action, but Satran isn't asserting a claim under section 425.105.[3] Rather, his theory is that by filing suit against him without first notifying him of his right to cure default, defendants violated section 427.104(1)(j) of the WCA (which bars debt collectors from claiming, attempting, or threatening "to enforce a right with knowledge or reason to know that the right does not exist") and § 1692e of the FDCPA (which prohibits the use of false, deceptive, or misleading representations or means in connection with the collection of any debt). The court concludes that Satran states a claim under both statutory sections.

### a. Wis. Stat. § 427.104(1)(j)

Beginning with Satran's claim under the WCA, there is no question that debtors can sue for damages under section 427.104. *See, e.g., Kett v. Cmty. Credit Plan, Inc.*, 228 Wis. 2d 1, 596 N.W.2d 786, 797–98 (1999) (directing the trial court to enter judgment in the debtor's favor on a claim under section 427.104(1)(j)). The question is whether a creditor has the

---

[3] The Wisconsin Supreme Court has not addressed whether section 425.105 creates a separate cause of action. Other courts are split on the issue. *Compare Johnson*, 2016 WL 676401, at *7–8 (holding that section 425.105 allows for a separate cause of action) *with Beal v. Wyndham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962, 969–70 (W.D. Wis. 2013), *Sec. Fin. v. Kirsch*, No. 2017-ap-1408, 2018 WL 1756126, at *6 (Wis. Ct. App. Apr. 11, 2018), *and LVNV Funding LLC v. Boerner*, No. 17-sc-2061 (Washington Cty. Cir. Ct. Mar. 29, 2018) (holding that section 425.105 operates only as a defense to suit, not a separate cause of action). The court will grant defendants' motion for leave to submit the *Boerner* decision as supplemental authority, Dkt. 25, for what it's worth.

"right" to sue a debtor when it has not given notice of the right to cure default as required by section 425.105.

The Wisconsin Supreme Court discussed section 427.104(1)(j) in *Kett*, which concerned the nonjudicial recovery of the debtors' vehicles upon entry of Milwaukee County Circuit Court replevin judgments that were later vacated due to improper venue. 596 N.W.2d at 790. The Supreme Court held that the creditor violated section 425.206 of the WCA, which concerns nonjudicial recovery of collateral. The remaining issue was whether filing the replevin action in an improper venue violated section 427.104(1)(j). The creditor argued that

> a violation of the venue provision is not the type of conduct that chapter 427 was designed to vindicate and that because the alleged violation of the Wisconsin Consumer Act relates to venue, the only penalties are dismissal of the action and perhaps the penalty provided in Wis. Stat. § 425.302(2), which is applicable to all violations for which no other remedy is specifically provided.

*Id.* at 798. The Supreme Court rejected this argument, explaining:

> [W]e are not persuaded that [the creditor's] only violation is the violation of venue. As a result of the improper venue, [the creditor] has violated other provisions of the Act for which penalties may be assessed.

*Id.* It affirmed the appeals court's conclusion that the creditor "had a duty to know that Milwaukee County was not the proper venue and that [the] filing of a replevin action in Milwaukee County was an attempt to enforce a right it had reason to know did not exist." *Id.* at 797.

From this, the court gleans that violations of at least some provisions of the WCA allow for recovery under section 427.104(1)(j)—it's not clear whether violations of *all* WCA provisions, only the venue provision, only the nonjudicial recovery provision, or only a combination of those two provisions qualify for recovery under section 427.104(1)(j).

Since *Kett*, the Wisconsin Supreme Court has not revisited section 427.104(1)(j). But three other courts have issued nonbinding opinions holding that section 427.104(1)(j) does not allow for claims predicated on the failure to provide notice of right to cure default as required by section 425.105. The first opinion is *Beal v. Wyndham Vacation Resorts, Inc.*, 956 F. Supp. 2d 962 (W.D. Wis. 2013). In *Beal*, Judge Crabb determined that section 425.105 is a procedural requirement that operates only as a defense to the creditor's action, not as the basis for an affirmative cause of action. *Id.* at 969–70. Judge Crabb's discussion was limited because of the plaintiff's failure to cite authority, *see id.* at 969, and it did not mention section 427.104(1)(j) or *Kett*.

Next is *LVNV Funding LLC v. Boerner*, No. 17-sc-2061 (Mar. 29, 2018), *available at* Dkt. 25-1, a decision from the Washington County Circuit Court. *Boerner* relies heavily on *Beal* and concludes that section 425.105 is merely a procedural or technical requirement and therefore does not affect a creditor's "right" to file suit. *Boerner* distinguishes *Kett* by explaining that *Kett* relied on "the creditor's act of 'resorting to nonjudicial recovery' based on void judgments," "not a procedural or technical violation" of the WCA. Dkt. 25-1, at 6 (quoting *Kett*, 596 N.W.2d at 796). The language *Boerner* cites comes from *Kett*'s discussion of section 425.206, concerning nonjudicial recovery, not the discussion of section 427.104(1)(j). As discussed above, it's not clear whether *Kett*'s holding was as limited as *Boerner* portrays it to be.

Finally, in *Security Finance v. Kirsch*, No. 2017-ap-1408, 2018 WL 1756126 (Apr. 11, 2018), the Wisconsin Court of Appeals determined that section 425.105 is a procedural requirement that does not affect a creditor's "right" to file suit. *Id.* at *6. *Kirsch* distinguishes *Kett* as "involv[ing] a violation of the venue statute under Wis. Stat. § 421.401 and not Wis. Stat. § . . . 425.105. Under the venue statute, the creditor in *Kett* did not have a 'right' to file

9

suit in Milwaukee County." *Id.* According to *Kirsch*, section 425.105 does not give or take away the right to file suit; it merely outlines a procedural requirement for filing suit.

Satran points to *Johnson v. LVNV Funding*, No. 13-cv-1191, 2016 WL 676401 (E.D. Wis. Feb. 18, 2016), an unpublished opinion from the Eastern District of Wisconsin that does not address a claim under section 427.104(1)(j). In *Johnson*, the plaintiff's theory was that the creditor's failure to give notice of right to cure default violated section 425.105 and section 427.104(1)(h), which prohibits "conduct which can reasonably be expected to threaten or harass the customer." After a thorough analysis, *Johnson* parted ways with *Beal* and concluded that section 425.105 creates a separate cause of action. *Id.* at *3–8. It granted summary judgment in the plaintiff debtor's favor on that claim. *Id.* at *8. But it denied summary judgment on the claim under section 427.104(1)(h), reasoning that whether filing suit without providing notice as required by section 425.105 is "conduct which can reasonably be expected to threaten or harass the customer" is a factual question for trial. *Id.* at *9–10.

For our purposes, *Johnson* stands for the proposition that a violation of section 425.105 does not automatically give rise to liability under section 427.104. Rather, the plaintiff has the burden to prove that the violation of section 425.105 constitutes one of the acts prohibited by section 427.104. Here, Satran brings his claim under section 427.104(1)(j), which prohibits debt collectors from claiming, attempting, or threatening "to enforce a right with knowledge or reason to know that the right does not exist." *Kirsch* held that a violation of section 425.105 does not take away a creditor's right to file suit, and therefore a violation of section 425.105 does not amount to a violation of section 427.104(1)(j).

Where, as here, the state's highest court has not addressed the precise issue presented to the court, the court must use its "own best judgment to estimate how" the state's highest

10

court would rule. *Jackson v. Bank of Am. Corp.*, 711 F.3d 788, 791 (7th Cir. 2013) (quoting *Blood v. VH-1 Music First*, 668 F.3d 543, 546 (7th Cir. 2012)). "A federal court takes into consideration lower state court decisions, if any, but is not bound to apply and follow these decisions if it believes that they would not be affirmed by the state's supreme court." *Fischer v. Mt. Olive Lutheran Church*, 207 F. Supp. 2d 914, 927 (W.D. Wis. 2002). But disagreeing with an intermediate state court's ruling on an issue of state law is not the norm. An intermediate court's ruling "is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state *would decide otherwise.*" *In re Emerald Casino, Inc.*, 867 F.3d 743, 765 (7th Cir. 2017) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).

The court is convinced by *Kett* and the WCA's statutory scheme that the Wisconsin Supreme Court would not agree with *Kirsch*. *Kirsch* attempts to categorize the WCA provisions into two types, one granting or taking away the creditor's right to file suit and the other operating merely as a procedural guideline without effecting the creditor's rights. A creditor's violation of the first type of provision would allow for affirmative recovery of damages by the debtor under section 427.104(1)(j). But creditors could file collection actions without complying with the second type of provisions—debtors may assert these provisions as defenses to the debt-collection action, but they cannot affirmatively recover damages for their violation.

Nothing in the language of *Kett* supports *Kirsch*'s conception of the WCA—*Kett* simply held that creditors do not have a right to file suit when they haven't complied with a provision of the WCA. Nor does the statutory language of the WCA support *Kirsch*'s framework. Section 425.301(2) provides that "[a]ny right or obligation declared by [the WCA] is enforceable by action unless the provision declaring it specifies a different and limited effect." And as explained

11

in *Johnson*, "Wis. Stat. § 425.307 provides statutes of limitations for actions to enforce rights under chapters 421 to 427 while stating that rights under those chapters may be asserted as defenses to an action against the customer without regard to the statute of limitations, suggesting that even if § 425.105 is viewed as a defensive shield, nothing prevents it from being a 'cause-of-action sword.'" 2016 WL 676401, at *8. Under *Kirsch*'s framework, courts would have to determine whether each provision of the WCA affects a creditor's right to file suit or merely provides the debtor with a complete defense once the creditor does file suit. Courts would have no assistance from the WCA in making this determination. This court is convinced that the WCA, which must be "liberally construed and applied to promote [its] underlying purposes and policies" of "protect[ing] consumers," *Kett*, 596 N.W.2d at 794 (quoting Wis. Stat. § 421.102(1), does not allow for this distinction. So it will deny defendants' motion to dismiss Satran's notice-of-right-to-cure-default claim under Wisconsin Statute section 427.104(1)(j).

### b. 15 U.S.C. § 1692e

That leaves Satran's claim under § 1692e of the FDCPA, which "broadly prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Nielsen v. Dickerson*, 307 F.3d 623, 634 (7th Cir. 2002) (quoting § 1692e). The question is whether filing a complaint without fulfilling section 425.105 is materially false, deceptive, or misleading. Satran's theory is that defendants falsely represented that they had the right to file suit against Satran. As discussed above, defendants did not have the right to file suit against Satran. So the court will deny defendants' motion to dismiss Satran's notice-of-right-to-cure-default claim under § 1692e.

### 3. Satran's meaningful-involvement claim

Satran's final claim is also brought under § 1692. A communication purporting to be from an attorney "implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," so if the communication was in fact "not the product of the attorney's professional judgment[, it] is misleading" and therefore violates § 1692e. *Id.* at 635 (quoting *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996)).

Satran alleges that defendants violated this statute by filing the small claims complaint against him because an attorney was "not meaningfully involved in the debt collection process," as evidenced by the fact that the complaint was filed without first fulfilling the procedural requirements of section 425.105 of the WCA and the fact that the attorney who signed the complaint was attorney of record in at least 10,161 other cases. Dkt. 1, ¶ 38. These allegations state a plausible claim for relief under § 1692e.

Defendants offer three arguments to the contrary. First, they cite *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.* for the proposition that "[t]he FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law." 794 F.3d 871, 875 (7th Cir. 2015). But *Bentrud* (and other Seventh Circuit opinions expressing a similar principle) concerned a claim under § 1692f, not § 1692e. And regardless, Satran's meaningful-involvement claim is not predicated on a state law, unlike his notice-of-right-to-cure-default claims. Defendants focus on the fact that Satran "could have requested sanctions in state court" if he believed that the small claims complaint violated Wisconsin's version of Federal Rule of Civil Procedure 11. Dkt. 13, at 24. But they cite no authority indicating that the possibility of

13

state-court sanctions for a debt collector's act bars a claim under § 1692e predicated on the same act.

Second, defendants argue that Satran's allegations are conclusory and lack factual support. The allegation that an attorney was not meaningfully involved is conclusory, but Satran has other, factual allegations to back up his conclusion: the complaint was procedurally improper and the attorney who signed the complaint was attorney of record in an unusually large number ofcases, suggesting that she was not applying her professional judgment to each case. These allegations contain "enough details about the subject-matter of the case to present a story that holds together," so they are sufficient at the pleading stage. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015) (quoting *Carlson v. CSX Trans., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014)).

Third, defendants argue that Satran hasn't alleged a *material* misleading statement. "[A] false or misleading statement is only actionable under the FDCPA if it is material, meaning that it has 'the ability to influence a consumer's decision.'" *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012) (quoting *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011)) (citation omitted). A complaint purportedly filed by an attorney undoubtedly has the ability to influence the consumer's decision about how to proceed. As *Nielsen* explains, it "implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action." 307 F.3d at 635 (quoting *Avila*, 84 F.3d at 229). So Satran has alleged a material misleading statement. The court will deny defendants' motion to dismiss Satran's meaningful-involvement claim.

ORDER

IT IS ORDERED that:

1. Defendant LVNV Funding, LLC's motion for leave to submit supplemental authority, Dkt. 25, is GRANTED.

2. Defendants Messerli & Kramer, PA's and LVNV Funding, LLC's motions to dismiss, Dkt. 11 and Dkt. 16, are DENIED.

Entered June 1, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge